IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRYAN O'NEAL WARREN, 1537771,        ) | |
|     Petitioner,        ) | |
|             ) | |
| v.        ) | No. 3:10-CV-2068-M |
|             ) | |
| ATTORNEY GENERAL ERIC HOLDER,        ) | |
|     Respondent.        ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Factual background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate in the Texas Department of Criminal of Justice ("TDCJ"). He challenges a federal detainer.

On May 12, 2003, Petitioner was convicted in the Eastern District of Texas of possession of a firearm during a drug trafficking offense in violation of 21 U.S.C. § 924(c)(1). He was sentenced to sixty months confinement. On April 2, 2007, Petitioner was placed on supervised release. On October 5, 2007, the jurisdiction over Petitioner's supervised release was transferred to the Northern District of Texas, cause number 3:07-CR-298-K.

On February 6, 2008, Petitioner was arrested for a state law violation. In October, 2008,

he was sentenced to twenty-five years in TDCJ. On October 30, 2008, a federal detainer was lodged against Petitioner on the belief that he had violated his conditions of supervised release. No action has been taken on the detainer.

On September 13, 2010, Petitioner filed the instant petition. He argues the federal detainer reduces his chances for parole and prevents him gaining S2 status. On April 8, 2011, Respondent filed its answer. Petitioner did not file a reply. The Court finds the petition should be denied.

## II. Discussion

**1.    Jurisdiction**

Respondent argues this Court lacks jurisdiction under § 2241 to consider Petitioner's claims. Under § 2241, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c)(3). Respondent cites *Zolicoffer v. United States Dept. Of Justice*, 315 F.3d 538 (5th Cir. 2003) and *United States v. Dovaling*, 711 F.2d 737 (5th Cir. 1983), for the proposition that a federal detainer does not meet the "in custody" requirement. Those cases, however, find that an immigration detainer does not satisfy the "in custody" requirement unless there is also a final order of deportation. The cases do not address whether a federal supervised release detainer renders a petitioner "in custody" under § 2241.

The Supreme Court has determined that a prisoner who has been released from physical custody, but has been placed on parole/supervised release, remains "in custody" for habeas purposes where there remains restrictions on the prisoner's freedom. *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Pack v. Yusuff*, 218 F.3d 448, 451 n.5 (5th Cir. 2000) ("Usually 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on

liberty resulting from a criminal conviction.")  In this case, the federal detainer represents a present claim by the government to Petitioner's person based on his status under supervised release.  The Court therefore finds Petitioner meets the "in custody" requirement of § 2241.

**2.     Merits**

Petitioner argues the federal detainer reduces his chances for parole and prevents him from gaining S2 status while in TDCJ.  Petitioner, however, has failed to show or allege that the detainer is unlawful.  He has failed to allege that Respondent has violated his constitutional or federal rights.  The petition should therefore be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be denied.

Signed this 6th day of December, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).